**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| WILLIAM BLACKWELL, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARRINGTON MORTGAGE SERVICES, LLC, et al., <br><br> Defendants. | Case No. 24-cv-06494-BLF <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND AND DISMISSING CASE WITH PREJUDICE** <br><br> [Re: ECF No. 14] |

This lawsuit is brought by pro se Plaintiffs William Blackwell and Loretta Blackwell (collectively, "Plaintiffs") against Defendants Carrington Mortgage Services, LLC ("CMS") and Carrington Foreclosure Services, LLC ("Carrington Foreclosure Services"), and Does 1-75 (collectively, "Defendants"). It was originally filed on August 1, 2024, in the Superior Court of the State of California, County of Monterey. ECF 1-1. The lawsuit was removed to this Court on September 16, 2024. ECF 1. In the Complaint, Plaintiffs assert the following claims: 1) fraud in the concealment; 2) constructive fraud; 3) violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §17200; 4) defamation; 5) violation of California Civil Code § 2924.12 and §§ 2924.17 (A) and (B); 6) violations of the California Homeowners Bill of Rights ("HBOR"); 7) treble damages for violations of HBOR; 8) cancellation of written instruments; 9) slander of title; and 10) declaratory relief. ECF 1-1.

Before the Court is Defendants' motion to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF 14. Plaintiffs' deadline to file and serve any opposition to the motion to dismiss was October 18, 2024, and Plaintiffs failed to do so before the deadline. On October 25, 2024, Defendants filed a Notice of Non-Opposition. ECF 21. On October 30, 2024, Defendants filed an Amended Notice of Non-Opposition in which Defendants corrected the hearing time for the

Motion to Dismiss listed in the originally filed Notice of Non-Opposition. ECF 22. On October 31, 2024, the Court found that the Motion to Dismiss was appropriate for decision without oral argument and vacated the hearing set for January 9, 2025. ECF 23. On December 20, 2024, Plaintiffs filed an opposition to Defendants' motion to dismiss. ECF 25. Defendants have not objected to the late-filed opposition and so the Court has considered it.

For the reasons described below, the Court GRANTS Defendants' motion to dismiss WITHOUT LEAVE TO AMEND, DISMISSES the case WITH PREJUDICE, and VACATES the Case Management Conference set for March 6, 2025, AS MOOT.

## I. BACKGROUND

This action concerns property located at 1914 Whitman Street, Salinas, California 93906 ("Property"). ECF 1-1, Complaint, ¶ 10. On or about January 9, 2006, Plaintiffs entered into a consumer credit transaction with America's Wholesale Lender and obtained a mortgage loan. *Id.*, ¶ 15. The mortgage loan was secured by a deed of trust ("Deed of Trust") recorded against the Property. *Id.*, ¶ 15 & Ex. A. The Deed of Trust identifies Plaintiffs as the borrowers, America's Wholesale Lender as the lender, and Recon Trust Company, N.A. as the trustee, and Mortgage Electronic Registration Systems, Inc. as nominee for lender and lender's successors and assigns. ECF 1-1, Ex. A at 1-2. On August 27, 2012, America's Wholesale Lender assigned the Deed of Trust to The Bank of New York Mellon, f/k/a The Bank of New York as trustee for the certificate holders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-5. ECF 1-1, Ex. B at 1. On March 6, 2013, due to a financial hardship and a default on the mortgage loan, Plaintiffs entered a loan modification agreement which amended and supplemented the mortgage on the Property. ECF 1-1, Ex. C at 3-4. On January 25, 2016, Plaintiffs entered a second loan modification agreement due to a financial hardship and a default on the mortgage loan. ECF 15, Ex. 6 at pages 1-3. Thereafter, Plaintiffs defaulted again, and a Notice of Default was entered on August 5, 2016. ECF 15, Ex. 7. On December 5, 2016, a Notice of Trustee's Sale was recorded. ECF 15, Ex. 8. On April 30, 2024, Carrington Foreclosure Services was substituted as trustee and a Substitution of Trustee was filed. ECF 1-1, Ex. D. The Substitution of Trustee listed CMS as the servicer and attorney-in-fact for the

1  Bank of New York Mellon, f/k/a the Bank of New York as trustee for registered holders of CWABS,
2  Inc., Asset-Backed Certificates, Series 2006-5. *Id.* On the same day, Carrington Foreclosure
3  Services entered a Notice of Default and Election to Sell Under Deed of Trust. ECF 1-1, Ex. G.

Plaintiffs previously brought an action in the Monterey County Superior Court ("State Action") against CMS, among others, challenging the foreclosure of the Property. *See* ECF 15, Ex. 1 (State Action, Case No. 17-CV-004560). On January 12, 2018, Plaintiffs amended the complaint in the State Action, and brought eleven causes of action against the defendants in that case, including: 1) violation of UCL; 2) violation of HBOR; 3) negligence; 4) predatory lending practices; 5) constructive fraud; 6) fraud in the concealment; 7) injunctive relief; 8) fraud in the inducement; 9) quiet title; 10) declaratory relief; and 11) slander of title. *See id.*, ¶¶ 54-159. On March 16, 2018, CMS filed a demurrer to Plaintiffs' amended compliant. *See* ECF 15, Ex. 2. On May 15, 2018, the Superior Court sustained CMS's demurrer without leave to amend. *See* ECF 15, Ex. 3.

## II.  LEGAL STANDARD

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). While a complaint need not

contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* On a motion to dismiss, the Court's review is limited to the face of the complaint and matters judicially noticeable. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).

In deciding whether to grant leave to amend, the Court must consider the factors set forth by the Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962), and discussed at length by the Ninth Circuit in *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2003). A district court ordinarily must grant leave to amend unless one or more of the *Foman* factors is present: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment. *Eminence Capital*, 316 F.3d at 1052. "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Id.* However, a strong showing with respect to one of the other factors may warrant denial of leave to amend. *Id.*

### III. REQUEST FOR JUDICIAL NOTICE

The Court first considers Defendants' unopposed request for judicial notice of eight exhibits:

- Exhibit 1: Amended Complaint filed in *Blackwell v. Clear Recon Corp., et al.*, Case No. 17CV004560 in Monterey Superior Court;
- Exhibit 2: Demurrer filed in *Blackwell v. Clear Recon Corp., et al.*, Case No. 17CV004560 in Monterey Superior Court;
- Exhibit 3: Order Sustaining Demurrer in *Blackwell v. Clear Recon Corp., et al.*, Case No. 17CV004560 in Monterey Superior Court;
- Exhibit 4: Order of Dismissal With Prejudice in *Blackwell v. Clear Recon Corp., et*

4

*al.*, Case No. 17CV004560 in Monterey Superior Court;

- Exhibit 5: Loan Modification Agreement signed by Plaintiffs recorded against the subject Property commonly known as 1914 Whitman Street, Salinas, California and recorded as Document Number 2013014254 on March 6, 2013, with the Monterey County Recorder's Office.

- Exhibit 6: Loan Modification Agreement signed by Plaintiffs recorded against the subject Property commonly known as 1914 Whitman Street, Salinas, California and recorded as Document Number 2016003918 on January 25, 2016, with the Monterey County Recorder's Office.

- Exhibit 7: Notice of Default recorded against the subject Property commonly known as 1914 Whitman Street, Salinas, California and recorded as Document Number 2016044752 on August 5, 2016 with the Monterey County Recorder's Office.

- Exhibit 8: Notice of Trustee's Sale recorded against the subject Property commonly known as 1914 Whitman Street, Salinas, California and recorded as Document Number 2016074194 on December 5, 2016, with the Monterey County Recorder's Office.

*See* ECF 15. The Court may take judicial notice of matters that are "generally known within the trial court's territorial jurisdiction" or "can be accurately or readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including orders and pleadings in other lawsuits and property records in County Recorder's Office, are property subjects for judicial notice. *See, e.g., MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) ("On a motion to dismiss, we may take judicial notice of matters of public record outside the pleadings."); *Mulhall v. Wells Fargo Bank, N.A.*, 241 F. Supp. 1046, 1050 (N.D. Cal. 2017) ("Under Federal Rule of Evidence 201(b), publicly-recorded real estate instruments and notices are the proper subject of juridical notice."). Accordingly, the Court grants Defendants' request for judicial notice of Exhibits 1-8.

## IV.  DISCUSSION

The Court now turns to Defendants' motion to dismiss claims in the Complaint. For the

following reasons, Defendants' motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND.

### A. Res Judicata

Defendants move to dismiss the claims asserted against them as barred by res judicata in light of Plaintiffs' previous State Action. ECF 14 at 9. Defendants argue that "all of Plaintiffs' claims must fail" because the State Action and this action involve "the same parties," and "all of Plaintiffs' current claims" and the claims in the State Action arise "from the same underlying facts." *Id.* at 10. The Court notes that Plaintiffs have not raised any arguments in their opposition as to why their claims are not barred by res judicata. *See generally* ECF 25.

"'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). "Under 28 U.S.C. § 1738, federal courts are required to give state court judgments the preclusive effects they would be given by another court of that state." *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009). California law holds a final judgment of a state court "precludes further proceedings if they are based on the same cause of action." *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004). In California, three elements are required to establish res judicata: "(1) the issues decided in the prior adjudication were identical to the issues raised in the present action, (2) the prior proceeding resulted in a final judgment on the merits, and (3) the party against whom the plea is raised was a party or was in privity with a party to the prior adjudication." *City of Martinez v. Texaco Trading & Transp., Inc.*, 353 F.3d 758, 762 (9th Cir. 2003) (citing *Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 71 Cal. Rptr. 2d 77, 84 (1998)).

#### 1. Same Claim

Defendants argue that Plaintiffs' claims are barred because the State Action involved six claims against CMS that are identical to the ones being litigated in this action, namely: 1) fraud in the concealment, 2) constructive fraud, 3) violation of UCL, 4) violation of HBOR, 5) slander of title, and 6) declaratory relief. ECF 14 at 10. According to Defendants, because the claims in this action and the claims in the State Action "arose from the same underlying facts," all of Plaintiffs'

current claims "must fail herein, even if the exact causes of action do not align perfectly." *See id.*

Under California law, "[t]wo different causes of action are the same claim if they rise from the same invasion of a primary right." *Janson v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-05639 JSC, 2015 WL 1250092, at *7 (N.D. Cal. Mar. 18, 2015), *aff'd sub nom. Janson v. Deutsche Bank Nat'l Tr. Co. for Morgan Stanley Mortg. Loan Tr. 2005-11AR*, 682 F. App'x 576 (9th Cir. 2017) (citing *Adam Bros. Farming v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010)). Under the primary right theory, "a cause of action is comprised of (1) a primary right of the plaintiff; (2) a corresponding primary duty of the defendant, and (3) a wrongful act by the defendant constituting a breach of that duty." *O'Connor v. Nationstar Mortg., LLC*, No. 13-cv-5874-NC, 2014 WL 1779338, at *7 (N.D. Cal. May 5, 2014), *aff'd*, 713 F. App'x 575 (9th Cir. 2018) (citing *Mycogen Corp. v. Monsanto Co.*, 28 Cal.4th 888, 904 (2002)). Accordingly, "all claims based on the same cause of action must be decided in a single suit; if not brought initially, they may not be raised at a later date." *Mycogen*, 28 Cal.4th at 897. "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." *Brodheim*, 584 F.3d at 1268 (citing *Eichman v. Fotomat Corp.*, 147 Cal.App.3d 1170, 1174 (1983)). As long as the same primary right is at issue, res judicata "prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Kay v. City of Rancho Palos Verdes*, 504 F.3d 803, 809 (9th Cir. 2007).

The Court finds that the same primary right underlies Plaintiffs' State Action and this action. In the State Action, Plaintiffs brought eleven causes of action challenging that the foreclosure on the Property was wrongful. *See* ECF 15, Ex. 1, ¶¶ 54-157. Specifically, Plaintiffs alleged that the foreclosure sale on their home was "unlawful, fraudulent and willful," that the defendants did not contact Plaintiffs for options avoiding foreclosure, and that the assignment of the Deed of Trust was improper. *See id.* ¶¶ 22-23, 47-50. The State trial court sustained CMS's demurrers to Plaintiffs' claims, including claims for fraud in the concealment, constructive fraud, violation of UCL, violations of HBOR, slander of title, and declaratory relief, all of which Plaintiffs brought again in

7

this action. *See* ECF 15, Ex. 3; ECF 1-1. Now, Plaintiffs again attempt to seek relief for Defendants' conduct with respect to their mortgage and the foreclosure on the Property. *See generally* ECF 1-1. The Court notes that while the complaints in this action and in the State Action allege some different causes of action, many of the paragraphs within the complaints are identical. Specifically, Plaintiffs again challenge the foreclosure of the Property by alleging that the Deed of Trust was not properly transferred, that Defendants acted fraudulently during the foreclosure of the Property, that Defendants concealed facts with respect to their interest in the Deed of Trust and fraudulently entered the Notice of Default, and that Defendants failed to contact them to discuss alternatives prior to entering the Notice of Default. ECF 1-1, ¶¶ 30-33, 41-44, 54-59, 63-66, 84-86, 90-95, 105-06, 110-11, 114-19. As courts in this District have repeatedly found, successive litigations challenging the foreclosure concerning the same property arising out of the same mortgage involve the same "primary right." *See, e.g., Lodin v. Bank of Am., N.A.*, No. 13-04847-JSC, 2014 WL 296927, at *7-8 (N.D. Cal. Jan. 27, 2014) (holding plaintiff's earlier state action arose out of the initiation of foreclosure proceedings and later federal action arose out of the alleged loan origination and securitization involved the same primary right, and thus, plaintiff were barred from relitigating the underlying foreclosure under a different theory of liability); *Grieves v. MTC Fin. Inc.*, No. 17-cv-01981-LHK, 2017 WL 3142179, at *11 (N.D. Cal. July 25, 2017) (holding the subsequent federal action and early state action involved the same primary right, despite the foreclosure documents giving rise to the federal action did not exist at the time of the earlier state action, because the two actions involve the same property and deed of trust). Here, all of Plaintiffs' causes of action seek to vindicate Plaintiffs' "primary right" to be free from the foreclosure against the Property as a result of Plaintiffs' default on the loan securing the same Deed of Trust issued in 2006, and Plaintiffs' claims in this action could have been brought in the earlier State Action. *See, e.g.*, *Mendaros v. JPMorgan Chase Bank, Nat. Assoc.*, No. 16-cv-06092-HSG, 2017 WL 2352143, at *2 (N.D. Cal. May 31, 2017) ("Here, Plaintiff's First and Second Action both seek to redress the same injury—wrongful foreclosure. Although Plaintiff asserted multiple theories of recovery in the First Action, and seeks to allege more in the Second, all the harm Plaintiff alleges that he suffered resulted from the invasion of [] his right not to be deprived of ownership or possession of his home through

8

wrongful foreclosure. This prong is met."); *Janeece Fields v. Bank of N.Y. Mellon*, No. 17-cv-00272-JST, 2017 WL 1549464, at *3 (N.D. Cal. May 1, 2017) (holding both the earlier state action and the later federal action involve the same primary right of being free from foreclosure on the same property based on the same deed of trust).

Accordingly, the Court finds that all of Plaintiffs' causes of action in this action and the State Action involve the same "primary right" of being free from foreclosure of the Property based on the same Deed of Trust. Thus, the first res judicata element is satisfied.

### 2. Final Judgment on the Merits

Defendants argue that because "the court in the State Action sustained CMS's demurrer on all causes of action without leave to amend," there was a final judgment on the merits. ECF 14 at 9. "In California, a judgment entered after sustaining of a general demurrer is a judgment on the merits, and, to the extent that it adjudicated that the facts alleged do not establish a cause of action, it will bar a second cause of action on the same facts." *Palomar Mobilehome Park Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Here, the State court sustained CMS's demurrer to Plaintiffs' complaint in the State Action without leave to amend for failure to state a cause of action and ordered that the State Action to be dismissed with prejudice as to CMS. *See* ECF 15, Ex. E at 1, 2. Accordingly, the Court finds that there was a final judgment on the merits in the State Action. *See Janson*, 2015 WL 1250092, at *10 (holding state court's order sustaining a general demurrer and dismissing a case with prejudice constitutes a final judgment on the merits).

### 3. Identity or Privity of Parties

Defendants argue that both the State Action and this action involve "the same parties." ECF 14 at 10. California law prevents re-litigation "between the same parties or parties in privity with them." *See DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824, 352 P.3d 378, 386 (2015). Here, Plaintiffs were plaintiffs in the State Action, and CMS was a defendant. *See* ECF 15, Ex. 2. In addition, although Carrington Foreclosure Services was not a defendant in the State Action, Carrington Foreclosure Services is a trustee of the Deed of Trust and is thus in privity with CMS. *See, e.g., Sepehry-Fard v. Nationstar Morg., LLC*, 2015 WL 332202, at *13 (N.D. Cal. Jan. 26, 2015) (finding trustee, originator of mortgage, and successor nominees are all in privity with each

other for claim preclusion purposes in foreclosure proceedings because they all "have a sufficient commonality of interest"); *Jason*, 2015 WL 1250092, at *10 (holding parties relating to plaintiff's mortgage are all in privity because their interests "are so closely aligned as to be virtually representative."). On that basis, the Court finds the State Action and this action involve "the same parties or parties in privity with them." *DKN Holdings LLC*, 353 P.3d at 386.

For the above reasons, the Court finds all three elements of res judicata are present here. Thus, res judicata bars all of Plaintiffs' claims against Defendants in the present action.

Accordingly, the Court DISMISSES the claims against Defendants WITH PREJUDICE based on res judicata. The Court need not address Defendants' remaining arguments in their motion to dismiss.

## V. ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss WITHOUT LEAVE TO AMEND and DISMISSES this case WITH PREJUDICE. The Case Management Conference set for March 6, 2025, is hereby VACATED AS MOOT.

Dated: January 22, 2025

_____
BETH LABSON FREEMAN
United States District Judge